UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HORACE K. VINSON, | CASE NO. 1:18-cv-00051 |
| Petitioner, | |
| | JUDGE DONALD C. NUGENT |
| vs. | |
| | MAGISTRATE JUDGE DAVID A RUIZ |
| LaSHANN EPPINGER, WARDEN | |
| | MEMORANDUM OPINION |
| Respondent. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. The Report and Recommendation (ECF #10), submitted on November 5, 2018, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

**Procedural and Factual Background**

This case arises from Mr. Vinson's 2006 conviction in the Lake County, Ohio, Court of Common Pleas, for felonious murder, in violation of R.C. 2903.02(B), with a firearm specification as set forth in R.C. 2941.145, and carrying a concealed weapon in violation of RC 2923.12(A)(2). (ECF #10 at 1, 5). Mr. Vinson was sentenced on October 10, 2006 and October 20, 2006. (*Id.* at 5). The state trial court issued a judgment entry on October 24, 2006. (*Id.*). He subsequently perfected an appeal within the state court system and his conviction was affirmed on September 28, 2007. (*Id.* at 15). Mr. Vinson did not appeal this decision to the Ohio Supreme Court. (*Id.*). Mr. Vinson did,

however, file a petition for post-conviction relief on February 17, 2007, before his conviction became final on direct review. (*Id.*). This appeal was denied, as well as a subsequent appeal to the Ohio Supreme Court which was entered on December 31, 2008. (*Id.* at 16).

Mr. Vinson, *pro se*, placed the instant motion in the prison mailing system on December 29, 2017. (EFC #1). Mr. Vinson's petition alleges three grounds for relief: (1) that he was deprived of due process through the withholding of material and exculpatory evidence by the prosecution; (2) that he was deprived of due process by the knowing presentation of false testimony and failure to correct it by the prosecutor; (3) and finally that he was deprived of due process when the state courts refused to grant relief despite evidence of actual innocence in the new, unguarded admission by the State's sole inculpatory witness that he did not see the shooting. (ECF #10 at 13). The Defendant filed a motion to dismiss the habeas petition as time barred. (ECF #6). Mr. Vinson filed a response in opposition (ECF #8) to the Defendant's motion and the Defendant filed a reply reasserting that Mr. Vinson's petition is time barred. (ECF #9).

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge David A. Ruiz for the preparation of a report and recommendation. Magistrate Judge Ruiz issued his Report and Recommendation on November 5, 2018, recommending that Petitioner's Writ of Habeas Corpus be denied. (ECF #10 at 23). Objections to the Report and Recommendation were to be filed within 14 days of service. Mr. Vinson filed a petition for an extension to file objections which was granted on November 21, 2018. (ECF #11). Mr. Vinson filed his Objection to the Report and Recommendation on December 12, 2018. (ECF #13) This matter is now ripe for review.

## Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). As Mr. Vinson has filed an Objection, this Court reviews the Report and Recommendation *de novo*.

## Discussion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Court finds that Magistrate Judge Ruiz's Report and Recommendation to be thorough, well-written, well-supported, and correct. After a *de novo* review of the record and Mr. Vinson's Objection, the Court ADOPTS the Report and Recommendation of Magistrate Judge Ruiz. (ECF # 10). Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied

on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: December 27, 2018